**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHRIS PETERSON and BECKY
RODD, on their behalf and on behalf of
all others similarly situated,**

     **Plaintiffs,**

**v.**                                          **Civil Action No. 1:24-cv-110
                                                HONORABLE THOMAS KLEEH**

**TOM BLOOM, JEFFREY ARNETT
and SEAN SIKORA, MONONGALIA
COUNTY COMMISSIONERS, in their
official capacities, and PERRY
PALMER, MONONGALIA COUNTY
SHERIFF, in his official capacity,**

     **Defendants.**

**ANSWER OF DEFENDANTS, TOM BLOOM, JEFFREY
ARNETT, SEAN SIKORA, AND PERRY PALMER, TO PLAINTIFFS'
VERIFIED CLASS COMPLAINT FOR DECLARATORY
<u>& INJUNCTIVE RELIEF AND FOR DAMAGES</u>**

COME NOW the Defendants, Tom Bloom (hereinafter "Defendant Bloom"),

Jeffrey Arnett (hereinafter "Defendant Arnett"), Sean Sikora (hereinafter "Defendant Sikora"),

Monongalia County Commissioners, in their official capacities, and Perry Palmer (hereinafter

"Defendant Palmer"), formerly Monongalia County Sheriff, in his official capacity (hereinafter

collectively referred to as "Defendants"), by counsel, Tiffany R. Durst, Esq., and the law firm of

Pullin, Fowler, Flanagan, Brown & Poe, PLLC, without waiving any defenses, and hereby answers

the Verified Class Complaint for Declaratory & Injunctive Relief and for Damages (hereinafter

"Complaint") filed by the Plaintiffs herein, Chris Peterson (hereinafter "Plaintiff Peterson") and Becky Rodd (hereinafter "Plaintiff Rodd") (hereinafter collectively referred to as "Plaintiffs").

## PRELIMINARY STATEMENT

Because of the nature of the allegations in the Complaint and the fact that no discovery has been conducted to date in this matter, in order to preserve important legal rights and protections, Defendants set forth below certain affirmative defenses which, based upon the information set forth in the Complaint, they believe do apply or may apply to some or all of the claims raised therein. As permitted by Rule 8(d)(2) of the Federal Rules of Civil Procedure, defenses to the claims made in the Complaint are being asserted alternatively and, in some instances, hypothetically. As a result, Defendants reserve the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserve the defense that the claims set forth in the Complaint fail or may fail to state claims against Defendants upon which relief may be granted and should, therefore, be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

This responsive pleading has been prepared, served, and filed by counsel for Defendants. As permitted by Rule 8(d)(2), defenses to the claims made in the Complaint are being asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of their consistency and are based both on legal and equitable grounds. As the facts of this civil

action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny any and all allegations contained in the paragraphs and counts of the Complaint that allege or imply any negligence, intentional tort, unlawful act, discrimination, retaliation, violation of public policy or other fault on the part of Defendants; that allege or imply any responsibility, failure to meet a responsibility, or violation of duty; or that allege of imply a violation of any common law, public policy, statues, rules, regulations, or standards whatsoever, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

### FOURTH AFFIRMATIVE DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserve the defense that the claims presented in the Complaint are or may be barred by reason of improper venue, lack of jurisdiction, insufficiency of process, and/or insufficiency of service of process, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

### FIFTH AFFIRMATIVE DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the following defenses, as the same may prove applicable as discovery proceeds and the evidence is developed in this case: release, accord and satisfaction, *estoppel*, assumption of the risk, comparative fault, contributory negligence, waiver, *laches*, statute of limitations, all affirmative defenses expressly set forth in Rule 8 of the Federal Rules of Civil Procedure, and failure to join an indispensable party under Rule 19 of the Federal

Rules of Civil Procedure, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

### SIXTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert the lack of applicability of all statutes and regulations cited by and relied upon by the Plaintiffs and therefore, the Plaintiffs' Complaint should be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants assert as a defense that the actions, as alleged, do not contravene any substantial public policy, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, assert any and all defenses, immunities, and privileges available under *West Virginia Code § 29-12A-1, et seq*. and, therefore, must be dismissed with prejudice.

### NINTH AFFIRMATIVE DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserve the right to assert that they are entitled to qualified and good faith immunity against the claims asserted in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Not being fully advised as to all the facts and circumstances surrounding the allegations in the Complaint, Defendants hereby invoke and assert all affirmative defenses which may prove applicable herein, so as not to waive them, including, but not necessarily limited to,

those defenses specifically set forth in Rules 8(c), 9 and 12 of the Federal Rules of Civil Procedure, including lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, accord and satisfaction, arbitration and award, duress, estoppel, failure of consideration, fraud, laches, release, res judicata, statute of frauds, statute of limitations and collateral estoppel and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants deny that they engaged in any wrongful or improper conduct and, do not, by asserting affirmative defenses herein, assume the burden of proof in this case, which remains with the Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants deny that they are liable to the Plaintiffs in any amount or that Plaintiffs are otherwise entitled to the recovery and/or the relief sought from Defendants in Plaintiffs' Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to plead any and all affirmative defenses not specifically raised herein that may arise during the course of discovery, during trial, or otherwise, in this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the Ordinance is a reasonable time, place, and manner restriction in compliance with the First Amendment, and applicable jurisprudence.  Specifically,

Defendants assert that the Ordinance is content neutral, is narrowly tailored, and serves a significant governmental interest.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs cannot meet the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs, or one of them, lack standing to assert any claims against Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint alleges legal duties owed and states several legal conclusions, which do not require a response. These Defendants' legal duties are defined by law as determined by the Court. Defendant does not admit, and expressly deny, any violation of any constitutional and/or statutory provision, as alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In response to the allegations of the Complaint, Defendants incorporate herein by reference all of the affirmative defenses hereinabove set forth as if the same were herein set forth verbatim. Moreover, in response to the allegations of the Complaint, Defendants answer and aver as follows. Each allegation not specifically admitted is hereby denied.

### ALLEGED INTRODUCTION

1.  The allegations contained within Paragraph 1 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required. To the extent that a further response by Defendants is deemed to be required, Defendants

specifically deny any assertion that they engaged in any conduction in violation of the United States Constitution and/or any other federal or state law.

2.      The allegations contained within Paragraph 2 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 2 of Plaintiffs' Complaint and, on that basis, deny the same.

3.      The allegations contained within Paragraph 3 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 3 of Plaintiffs' Complaint and, on that basis, deny the same.  For their further response to Paragraph 3 of Plaintiffs' Complaint, Defendants specifically that neither named Plaintiff is prohibited from seeking and/or providing donations "by county law" as asserted in said Paragraph.

4.      Defendants affirmatively deny the allegations contained within Paragraph 4 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

5.      Defendants affirmatively deny the allegations contained within Paragraph 5 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

6.      The allegations contained within Paragraph 6 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants

specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.  Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    7. The allegations contained within Paragraph 7 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiff Peterson's rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny that Plaintiff Peterson is entitled to recover any damages from Defendants.

## ALLEGED JURISDICTION

    8. Paragraph 8 of Plaintiffs' Complaint contains no assertions of fact against Defendants and, therefore, no response to the same by Defendants is required.  To the extent that a response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent that Paragraph 8 Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, including any alleged violations of Plaintiffs' constitutional rights, Defendants deny the same and, therefore, demand strict proof thereof.

9.      Paragraph 9 of Plaintiffs' Complaint contains no assertions of fact against Defendants and, therefore, no response to the same by Defendants is required.  To the extent that a response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent that Paragraph 9 Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, including any alleged violations of Plaintiffs' constitutional rights, Defendants deny the same and, therefore, demand strict proof thereof.

10.     Paragraph 10 of Plaintiffs' Complaint contains no assertions of fact against Defendants and, therefore, no response to the same by Defendants is required.  To the extent that a response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent that Paragraph 10 Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, including any alleged violations of Plaintiffs' constitutional rights, Defendants deny the same and, therefore, demand strict proof thereof.

11.     Paragraph 11 of Plaintiffs' Complaint contains no assertions of fact against Defendants and, therefore, no response to the same by Defendants is required.  To the extent that a response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent that Paragraph 11 Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, including any alleged violations of

Plaintiffs' constitutional rights, Defendants deny the same and, therefore, demand strict proof thereof.

### ALLEGED PARTIES

12.     Defendants generally admit the allegations contained within Paragraph 12 of Plaintiffs' Complaint.  However, Defendants specifically deny that Plaintiffs have any valid claims against Defendants and further deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13.     With respect to the allegations contained within Paragraph 13 of Plaintiffs' Complaint, Defendants admit that Perry Palmer was the duly elected Sheriff of Monongalia County, West Virginia at the time Ordinance 2023-1 was passed; however, Perry Palmer is no longer Sheriff of Monongalia County, West Virginia.

14.     The allegations contained within Paragraph 14 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 14 of Plaintiffs' Complaint and, on that basis, deny the same.

15.     The allegations contained within Paragraph 15 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 15 of Plaintiffs' Complaint and, on that basis, deny the same.

## ALLEGED CLASS ALLEGATIONS

16.     The allegations contained within Paragraph 16 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.  Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17.     The allegations contained within Paragraph 17 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.  Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Any remaining allegations contained within Paragraph 17 of Plaintiffs' Complaint are specifically denied.

18.    The allegations contained within Paragraph 18 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.  Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Any remaining allegations contained within Paragraph 18 of Plaintiffs' Complaint are specifically denied.

19.    The allegations contained within Paragraph 19 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.  Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Any remaining allegations contained within Paragraph 19 of Plaintiffs' Complaint are specifically denied.

20.    The allegations contained within Paragraph 20 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.  Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Any remaining allegations contained within Paragraph 20 of Plaintiffs' Complaint are specifically denied.

21.    Defendants affirmatively deny the allegations contained within Paragraph 21 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.  Moreover, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22.    The allegations contained within Paragraph 22 of Plaintiffs' Complaint are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief. Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure. Any remaining allegations contained within Paragraph 22 of Plaintiffs' Complaint are specifically denied.

23.    Defendants affirmatively deny the allegations contained within Paragraph 23 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

24.    With respect to the allegations contained within Paragraph 24 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny that Plaintiff Rodd is a person who regularly donates money from her vehicle to pedestrian panhandlers. Any remaining allegations contained within Paragraph 24 of Plaintiffs' Complaint are specifically denied.

25.    Defendants affirmatively deny the allegations contained within Paragraph 25 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

26.    The allegations contained within Paragraph 26 of Plaintiffs' Complaint are statements of law to which no response by Defendants is required. To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief. Finally, to the extent a further response is deemed to be required, Defendants specifically deny that Plaintiffs can establish the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Any remaining allegations contained within Paragraph 26 of Plaintiffs' Complaint are specifically denied.

27.    The allegations contained within Paragraph 27 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required. To the extent that a further response by Defendants is deemed to be required, Defendants

are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 27 of Plaintiffs' Complaint and, on that basis, deny the same.

28.    Defendants affirmatively deny the allegations contained within Paragraph 28 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

29.    The allegations contained within Paragraph 29 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 29 of Plaintiffs' Complaint and, on that basis, deny the same.

30.    Defendants affirmatively deny the allegations contained within Paragraph 30 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

## ALLEGED FACTS

31.    Defendants deny the unnumbered Paragraph, which asserts that "Defendant Tom Bloom Launches Crusade to Outlaw Panhandling in Monongalia County."

32.    Defendants admit the allegations contained within Paragraph 31 of Plaintiffs' Complaint.

33.    Defendants affirmatively deny the allegations contained within Paragraph 32 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

34.    Defendants admit the existence of the comments made by Defendant Bloom at the April 4, 2023 Morgantown City Council meeting, but would further state that the comments speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of Defendant Bloom's comments that does not comport with their plain meaning.

15

35.     Defendants admit the existence of the comments made by Defendant Bloom at the April 5, 2023 Monongalia County Commission meeting, but would further state that the comments speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of Defendant Bloom's comments that does not comport with their plain meaning.

36.     Defendants deny the unnumbered Paragraph, which asserts that "Defendant Bloom and Area Government Representatives Conspire to Outlaw Panhandling."

37.     Defendants deny the allegations contained within Paragraph 35 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

38.     Defendants deny the allegations contained within Paragraph 36 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.  For their further response to the allegations contained within Paragraph 36 of Plaintiffs' Complaint, Defendants assert that the referenced meeting was not a meeting of the Monongalia County Commission and, further, the meeting included representatives from WAJR and the Dominion Post, as well as members of the public.

39.     Defendants admit the existence of the news story from WBOY-TV on May 26, 2023 referenced within Paragraph 37 of Plaintiffs' Complaint, but would further state that the news story speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the WBOY-TV news story that does not comport with its plain meaning.

40.     With respect to the allegations contained within Paragraph 38 of Plaintiffs' Complaint, Defendants deny that any "closed-door meeting" ever occurred.  Defendants admit that Defendant Bloom provided a sample ordinance at the May 31, 2023 County Commission meeting simply to be discussed.  Defendants admit the existence of the comments of Defendant Bloom at

16

the May 31, 2023 meeting, but would further state that the comments speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of Defendant Bloom's comments that does not comport with their plain meaning. Defendants deny the remaining allegations contained within Paragraph 38 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

41.    With respect to the allegations contained within Paragraph 39 of Plaintiffs' Complaint, Defendants deny that any "closed-door meeting" ever occurred. Defendants admit the existence of the comments of Defendant Sikora at the May 31, 2023 meeting, but would further state that the comments speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of Defendant Sikora's comments that does not comport with their plain meaning. Defendants deny the remaining allegations contained within Paragraph 38 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

42.    With respect to the allegations contained within Paragraph 40 of Plaintiffs' Complaint, Defendants admit that the ordinance distributed by Defendant Bloom at the May 31, 2023 meeting was simply a proposed sample and, in fact, Defendants specifically assert that Ordinance 2023-1 is different than the sample ordinance distributed by Defendant Bloom at the May 31, 2023 meeting. Defendants admit the existence of the sample ordinance referenced in Paragraph 40, but would but would further state that document speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the sample ordinance that does not compart with its plain meaning. Defendants deny the remaining allegations contained within Paragraph 40 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

43.    Defendants admit the existence of the news story from WDTV referenced within Paragraph 41 of Plaintiffs' Complaint, but would further state that the news story speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the WDTV news story that does not comport with its plain meaning.  In fact, Defendants would state that Paragraph 41 of Plaintiffs' Complaint ignores additional information from the story, specifically the comments by Defendant Bloom as follows: "'We are focusing on ones [panhandlers] that are in the highways and in the streets," Bloom said. "We have these people that at 8:30-9 o'clock at night, in the dark while wearing dark outfits, You can not see them.'"

44.    Defendants admit the existence of the news story from WV Metro News referenced within Paragraph 42 of Plaintiffs' Complaint, but would further state that the news story speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the WV Metro News story that does not comport with its plain meaning.

45.    Defendants admit the existence of the news story from WBOY-TV referenced within Paragraph 43 of Plaintiffs' Complaint, but would further state that the news story speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the WBOY-TV news story that does not comport with its plain meaning.

46.    Defendants deny the unnumbered Paragraph, which asserts that "County Commissioners Adopt Pretextual Title to Camouflage True Intent."

47.    Defendants admit the existence of the comments made by Defendant Sikora at the July 5, 2023 Monongalia County Commission meeting and referenced in Paragraph 44 of

Plaintiffs' Complaint, but would further state that the comments speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of Defendant Sikora's comments that does not comport with their plain meaning.

48.     Defendants admit the existence of the comments made by Defendant Bloom at the July 12, 2023 Monongalia County Commission meeting and referenced in Paragraph 45 of Plaintiffs' Complaint, but would further state that the comments speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of Defendant Bloom's comments that does not comport with their plain meaning. Defendants deny any remaining allegations contained within Paragraph 45 of Plaintiffs' Complaint.

49.     With respect to the allegations contained within Paragraph 46 of Plaintiffs' Complaint, Defendants deny any allegation of a "secret May meeting". Defendants further deny any assertion that safety was a pretextual reason for consideration of the ordinance. Regarding any comments attributed to Sharon Doyle, Mayor of Star City, Defendants are without sufficient information or knowledge as to what her knowledge was regarding the proposed ordinance and, on that basis, deny the allegations regarding the same. Defendants deny any remaining allegations contained within Paragraph 46 of Plaintiffs' Complaint.

50.     With respect to the unnumbered paragraph stating, "Citizens Strongly Denounce and Oppose Proposed Ordinance at Public Hearing," Defendants would state that some citizens spoke out in opposition to the proposed ordinance. Defendants deny any remaining allegations contained within this unnumbered paragraph of Plaintiffs' Complaint.

51.     Defendants admit the existence of the news story from WBOY-TV referenced within Paragraph 47 of Plaintiffs' Complaint, but would further state that the news story

speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the WBOY-TV news story that does not comport with its plain meaning.  In fact, Defendants would state that Paragraph 47 of Plaintiffs' Complaint ignores additional information from the story, specifically the comments by Defendant Bloom as follows: "'We are trying to eliminate the safety problem and hazard," Monongalia County Commission President Tom Bloom said. "I believe by working with the other cities and police departments, we have come up with a really valid constitutional solution.'"

52.    Defendants deny the allegations contained within Paragraph 48 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

53.    Defendants admit the allegations contained within Paragraph 49 of Plaintiffs' Complaint, but would further state that the scheduled time of 10:00 a.m. for the meeting is the regularly scheduled time for Commission meetings.  Thus, there was no intention by Defendants to conduct the meeting at a time for purpose of "prevent[ing] public participation by most working people."

54.    Defendants admit the allegations contained within Paragraph 50 of Plaintiffs' Complaint.

55.    Defendants admit the allegations contained within Paragraph 51 of Plaintiffs' Complaint, but would further state that the comments made by Judy Ball speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.

56.    With respect to the allegations contained within Paragraph 52 of Plaintiffs' Complaint, Defendants admit that five (5) other individuals spoke in opposition to the ordinance; however, Defendants would further state that their comments speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.    Defendants

specifically deny that the ordinance was proposed with the intent of criminalizing panhandling, criminalizing poverty and/or infringing on First Amendment rights.

57.      Defendants admit the allegations contained within Paragraph 53 of Plaintiffs' Complaint, but would further state that the written comments made by Keeley Wildman speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.

58.      Defendants admit the allegations contained within Paragraph 54 of Plaintiffs' Complaint, but would further state that the written comments made by Brian Hicks speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.

59.      Defendants admit the allegations contained within Paragraph 55 of Plaintiffs' Complaint, but would further state that the written comments made by Forest Weyen and Start City Police Chief Colebank speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.

60.      With respect to the unnumbered paragraph, which states, "No Evidence Was Offered or Requested During the Public Hearing to Support the Pretext that Safety Needs Justified or Required the Ordinance, or that the Proposed Ordinance and the Breadth of its Prohibition Was Not Targeted at Outlawing Panhandling and the Giving of Donations," Defendants specifically deny any allegation that safety was a pretext.

61.      Defendants generally admit the allegations contained within Paragraph 56 of Plaintiffs' Complaint, but would further state that simply because no citizen appeared at the public hearing to speak in support of the ordinance does not mean that there had not been public support for the ordinance provided to Defendants prior to and/or after the public hearing.

21

62.    Defendants generally admit the allegations contained within Paragraph 57 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

63.    Defendants generally admit the allegations contained within Paragraph 58 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

64.    Defendants generally admit the allegations contained within Paragraph 59 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

65.    Defendants generally admit the allegations contained within Paragraph 60 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

66.    Defendants generally admit the allegations contained within Paragraph 61 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested

by Defendants at the public hearing does not mean that such information was not provided to Defendants.

67.     Defendants generally admit the allegations contained within Paragraph 62 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.  Moreover, Defendants would state that traffic count information was discussed at the public hearing.

68.     Defendants generally admit the allegations contained within Paragraph 63 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

69.     Defendants generally admit the allegations contained within Paragraph 64 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

70.     Defendants generally admit the allegations contained within Paragraph 65 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

71.     Defendants generally admit the allegations contained within Paragraph 66 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.  Moreover, Defendants would state that traffic count information was discussed at the public hearing.

72.     Defendants generally admit the allegations contained within Paragraph 67 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

73.     Defendants generally admit the allegations contained within Paragraph 68 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.  Moreover, Defendants would state that such information had been provided to Defendants prior to the public hearing.

74.     Defendants generally admit the allegations contained within Paragraph 69 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to Defendants.

75.     With respect to Paragraph 70 of Plaintiffs' Complaint, Defendants generally admit no evidence was presented at the public hearing specifically regarding safety problems; however, Defendants would affirmatively assert that such consideration was given both prior to and after the public hearing.

76.     Defendants deny the allegations contained within Paragraph 71 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

77.     Defendants deny the allegations contained within Paragraph 72 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

78.     Defendants admit the allegations contained in the unnumbered paragraph, which states that "Public Hearing on Proposed Ordinance Revised to Exempt Emergency Workers."

79.     Defendants generally admit the allegations contained within Paragraph 73 of Plaintiffs' Complaint, but would further state that they took into consideration the information received in support of and in opposition to the proposed ordinance and, based on that information, the proposed ordinance was revised to exempt emergency workers.

80.     Defendants admit the allegations contained within Paragraph 74 of Plaintiffs' Complaint.

81.     Defendants admit the allegations contained within Paragraph 75 of Plaintiffs' Complaint.

82.     Defendants admit the allegations contained within Paragraph 76 of Plaintiffs' Complaint.

83.     Defendants admit the allegations contained within Paragraph 77 of Plaintiffs' Complaint.

84.     Defendants admit the allegations contained within Paragraph 78 of Plaintiffs' Complaint.

85.     Defendants generally admit the allegations contained within Paragraph 79 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

86.     Defendants generally admit the allegations contained within Paragraph 80 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

87.     Defendants generally admit the allegations contained within Paragraph 81 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

88.     Defendants generally admit the allegations contained within Paragraph 82 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

89.     Defendants generally admit the allegations contained within Paragraph 83 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

90.     Defendants generally admit the allegations contained within Paragraph 84 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

91.     Defendants generally admit the allegations contained within Paragraph 85 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

92.     Defendants generally admit the allegations contained within Paragraph 86 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

93.     Defendants generally admit the allegations contained within Paragraph 87 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested

by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

94.    Defendants generally admit the allegations contained within Paragraph 88 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

95.    Defendants generally admit the allegations contained within Paragraph 89 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

96.    Defendants generally admit the allegations contained within Paragraph 90 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

97.    Defendants generally admit the allegations contained within Paragraph 91 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

98.    Defendants generally admit the allegations contained within Paragraph 92 of Plaintiffs' Complaint, specifically that such information was not presented at the public hearing, but would further state that because the referenced information was not presented to or requested by Defendants at the public hearing does not mean that such information was not provided to and/or considered by Defendants.

99.    Defendants deny the allegations contained within Paragraph 93 of Plaintiffs' Complaint.

100.    With respect to the allegations contained within Paragraph 94 of Plaintiffs' Complaint, Defendants admit that Plaintiffs' counsel sent a Freedom of Information Act Request, and a response was provided which included a link for the MMPO information.  Moreover, Defendants would state that Plaintiffs' counsel did not provide payment for copies of additional documents identified in the FOIA response and, therefore, no additional information was provided to Plaintiffs' counsel.

101.    Defendants admit the unnumbered paragraph in Plaintiffs' Complaint, which states that "Defendant Commissioners Enact Monongalia County Ordinance 2023-1."

102.    With respect to the allegations contained within Paragraph 95 of Plaintiffs' Complaint, Defendants admit that no specific testimony or evidence was taken at the October 25, 2023 meeting; however, Defendants would further state that no citizen asked to speak during public comment in regard to the proposed ordinance.  Defendants admit that they voted unanimously to enact Ordinance 2023-1.

103.    Defendants deny the allegations contained within Paragraph 96 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

104.    The allegations contained within Paragraph 97 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.

105.    Defendants admit the unnumbered paragraph of Plaintiffs' Complaint, which states "Monongalia County Ordinance 2023-1 as Enacted."

106.    With respect to Paragraph 98 of Plaintiffs' Complaint, Defendants would state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

107.    With respect to Paragraph 99 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

108.    With respect to Paragraph 100 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

109.    With respect to Paragraph 101 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

110.    Defendants deny the allegations contained within Paragraph 102 of Plaintiffs' Complaint.

111.    With respect to Paragraph 103 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

112.    The allegations contained within Paragraph 104 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.

113.    The allegations contained within Paragraph 105 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants

specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.

114.    Defendants deny the allegations contained within Paragraph 106 of Plaintiffs' Complaint and, therefore demand strict proof thereof.

115.    With respect to Paragraph 107 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

116.    With respect to Paragraph 108 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

117.    With respect to Paragraph 109 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

118.    With respect to Paragraph 110 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

119.    With respect to Paragraph 111 of Plaintiffs' Complaint, Defendants admit the language of the Ordinance, but would further state that the Ordinance speaks for speaks for

itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs. Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

120.    Defendants deny the unnumbered paragraph of Plaintiffs' Complaint, which states that "Defendant Commissioners Delay Designation of Areas in Which the Ordinance Applies."

121.    Defendants admit the allegations contained within Paragraph 112 of Plaintiffs' Complaint, but would further state that the Ordinance did not provide a date by which the Areas of Concern were to be designated.

122.    With respect to the allegations contained within Paragraph 113 of Plaintiffs' Complaint, upon information and belief, Defendants admit that the Monongalia County Sheriff's Department may have been issuing warning and/or citations.  Defendants would further state that there was previously a solicitation ordinance that could have also resulted in warnings and/or citations.

123.    With respect to the allegations contained within Paragraph 114 of Plaintiffs' Complaint, Defendants admit that the Areas of Concern were designated, on or about January 8, 2024.  Defendants would further state that the "inquiry" by Mountain State Justice was the previously referenced FOIA Request and did not address the Areas of Concern.  Defendants deny the remaining allegations contained within Paragraph 114 of Plaintiffs' Complaint.

124.    Defendants admit the allegations contained within Paragraph 115 of Plaintiffs' Complaint and would further state that there are no such roads as county roads within Monongalia County.

125.    Defendants deny the allegations contained within Paragraph 116 of Plaintiffs' Complaint.

33

126.    Defendants admit that the Areas of Concern designated was published without a further public meeting, or a public vote.  However, Defendants would further specifically state that no further public meeting or public vote was required by the plain language of the Ordinance.

127.    Defendants deny the allegations contained within Paragraph 118 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

128.    Defendants deny the allegations contained within Paragraph 119 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

129.    With respect to the allegations contained within Paragraph 120 of Plaintiffs' Complaint, Defendants deny that Morgantown and Star City's borders meet at the University Town Center.  Defendants admit that the area of University Town Center includes stores and retail shops, which attract shoppers.  Defendants assert that these areas were designated as Areas of Concern based on the traffic count.  As to the remaining allegations contained within Paragraph 120 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny said allegations and, on that basis, deny the same.

130.    With respect to the allegations contained within Paragraph 121 of Plaintiffs' Complaint, Defendants admit that the referenced area includes some businesses and shopping centers, which attract shoppers.  Defendants assert that these areas were designated as Areas of Concern based on the traffic count.  As to the remaining allegations contained within Paragraph 121 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny said allegations and, on that basis, deny the same.

131.    With respect to the allegations contained within Paragraph 122 of Plaintiffs' Complaint, Defendants admit that the referenced area is near Walmart and adjacent retail

businesses, which attract shoppers.  Defendants assert that this area was designated as an Area of Concern based on the traffic count.  As to the remaining allegations contained within Paragraph 122 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny said allegations and, on that basis, deny the same.

132.    Defendants deny the allegations contained within Paragraph 123 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

133.    Defendants deny the allegations contained within Paragraph 124 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

134.    Defendants deny the allegations contained within Paragraph 125 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

135.    Defendants admit the allegations contained within Paragraph 126 of Plaintiffs' Complaint, but would further state that no posted sign or notice is required by the Ordinance.

136.    Defendants admit the allegations contained within Paragraph 127 of Plaintiffs' Complaint, but would further state that no posted sign or notice is required by the Ordinance.

137.    Upon information and belief and subject to confirmation of the same through discovery, Defendants deny the allegations contained within Paragraph 128 of Plaintiffs' Complaint.

138.    Defendants deny the unnumbered paragraph in Plaintiffs' Complaint, which states, "The Ordinance and the Designation of Areas of Concern Was Intended and Has Been Implemented and Enforced to Stop Panhandling in Locations Where that Expressive Conduct was Customarily Engaged in Before its Passage."

139.    Defendants deny the allegations contained within Paragraph 129 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

140.    The allegations contained within Paragraph 130 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief.

141.    Defendants deny the allegations contained within Paragraph 131 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

142.    Defendants deny the allegations contained within Paragraph 132 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

143.    Defendants deny the allegations contained within Paragraph 133 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

144.    Defendants deny the allegations contained within Paragraph 134 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

145.    Defendants deny the allegations contained within Paragraph 135 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

146.    Defendants deny the allegations contained within Paragraph 136 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

147.    Defendants deny the allegations contained within Paragraph 137 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

148.    Defendants deny the allegations contained within Paragraph 138 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.  Defendants would further specifically assert that Paragraph 138 does not include a complete statement of all comments during the interaction with the Monongalia County Sheriff's Deputy.

149.    Defendants deny the allegations contained within Paragraph 139 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

150.    Defendants deny the allegations contained within Paragraph 140 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

151.    Defendants deny the allegations contained within Paragraph 141 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

152.    Defendants deny the allegations contained within Paragraph 142 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

153.    Defendants deny the allegations contained within Paragraph 143 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

154.    Defendants deny the unnumbered paragraph of Plaintiffs' Complaint, which asserts that "The Ordinance as Adopted and Implemented Also Fails Intermediate Scrutiny."

155.    Defendants deny the allegations contained within Paragraph 144 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

156.    Defendants deny the allegations contained within Paragraph 145 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

157.    Defendants deny the allegations contained within Paragraph 146 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

158.    Defendants deny the allegations contained within Paragraph 147 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

159.    Defendants deny the allegations contained within Paragraph 148 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

160.    Defendants deny the allegations contained within Paragraph 149 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

161.    With respect to the allegations contained within Paragraph 150 of Plaintiffs' Complaint, Defendants would state that the Ordinance speaks for itself and is not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the Ordinance that does not comport with its plain meaning.

162.    Defendants deny the allegations contained within Paragraph 151 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

163.    The allegations contained within Paragraph 152 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 152 of Plaintiffs' Complaint and, on that basis, deny the same.

164.    Defendants deny the allegations contained within Paragraph 153 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

165.    Defendants deny the allegations contained within Paragraph 154 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

166.    Defendants deny the allegations contained within Paragraph 155 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

167.    Defendants deny the allegations contained within Paragraph 156 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

168.    Defendants deny the allegations contained within Paragraph 157 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

169.    Defendants deny the allegations contained within Paragraph 158 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

170.    Defendants deny the allegations contained within Paragraph 159 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

171.    With respect to Paragraph 160 of Plaintiffs' Complaint, Defendants would state that the referenced statutes speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the statues that does not comport with their plain meaning.

172.    With respect to Paragraph 161 of Plaintiffs' Complaint, Defendants would state that the referenced statutes speak for themselves and are not subject to any self-serving legal and/or factual interpretations by Plaintiffs.  Defendants deny any interpretation of the statues that does not comport with their plain meaning.

173.    Defendants deny the allegations contained within Paragraph 162 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

174.    Defendants deny the allegations contained within Paragraph 163 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

175. Defendants deny the allegations contained within Paragraph 164 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

176. Defendants deny the allegations contained within Paragraph 165 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

**Plaintiff Chris Peterson**

177. Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 166 of Plaintiffs' Complaint and, on that basis, deny the same.

178. Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 167 of Plaintiffs' Complaint and, on that basis, deny the same.

179. Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 168 of Plaintiffs' Complaint and, on that basis, deny the same.

180. Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 169 of Plaintiffs' Complaint and, on that basis, deny the same.

181. Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 170 of Plaintiffs' Complaint and, on that basis, deny the same.

182. Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 171 of Plaintiffs' Complaint and, on that basis, deny the same.

183.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 172 of Plaintiffs' Complaint and, on that basis, deny the same.

184.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 173 of Plaintiffs' Complaint and, on that basis, deny the same.

185.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 174 of Plaintiffs' Complaint and, on that basis, deny the same.

186.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 175 of Plaintiffs' Complaint and, on that basis, deny the same.

187.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 176 of Plaintiffs' Complaint and, on that basis, deny the same.

188.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 177 of Plaintiffs' Complaint and, on that basis, deny the same.

189.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 178 of Plaintiffs' Complaint and, on that basis, deny the same.

190.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 179 of Plaintiffs' Complaint and, on that basis, deny the same.

191.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 180 of Plaintiffs' Complaint and, on that basis, deny the same.

192.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 181 of Plaintiffs' Complaint and, on that basis, deny the same.

193.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 182 of Plaintiffs' Complaint and, on that basis, deny the same.

194.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 183 of Plaintiffs' Complaint and, on that basis, deny the same.

195.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 184 of Plaintiffs' Complaint and, on that basis, deny the same.

196.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 185 of Plaintiffs' Complaint and, on that basis, deny the same.

197.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 186 of Plaintiffs' Complaint and, on that basis, deny the same.

198.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 187 of Plaintiffs' Complaint and, on that basis, deny the same.

199.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 188 of Plaintiffs' Complaint and, on that basis, deny the same.

200.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 189 of Plaintiffs' Complaint and, on that basis, deny the same.

201.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 190 of Plaintiffs' Complaint and, on that basis, deny the same.

202.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 191 of Plaintiffs' Complaint and, on that basis, deny the same.

203.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 192 of Plaintiffs' Complaint and, on that basis, deny the same.

**Plaintiff Becky Rodd**

204.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 193 of Plaintiffs' Complaint and, on that basis, deny the same.

205.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 194 of Plaintiffs' Complaint and, on that basis, deny the same.

206.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 195 of Plaintiffs' Complaint and, on that basis, deny the same.

207.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 196 of Plaintiffs' Complaint and, on that basis, deny the same.

208.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 197 of Plaintiffs' Complaint and, on that basis, deny the same.

209.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 198 of Plaintiffs' Complaint and, on that basis, deny the same.

210.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 199 of Plaintiffs' Complaint and, on that basis, deny the same.

211.    Defendants admit the allegations contained within Paragraph 200 of Plaintiffs' Complaint.

212.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 201 of Plaintiffs' Complaint and, on that basis, deny the same.

213.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 202 of Plaintiffs' Complaint and, on that basis, deny the same.

214.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 203 of Plaintiffs' Complaint and, on that basis, deny the same.

215.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 204 of Plaintiffs' Complaint and, on that basis, deny the same.

216.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 205 of Plaintiffs' Complaint and, on that basis, deny the same.

217.    Defendants admit the allegations contained within Paragraph 206 of Plaintiffs' Complaint.

218.    With respect to the allegations contained within Paragraph 207 of Plaintiffs' Complaint, Defendants admit that there are two traffic light-controlled left turn lanes.  However, as to the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the same and, on that basis, deny the same.

219.    Defendants admit the allegations contained within Paragraph 208 of Plaintiffs' Complaint.

220.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 209 of Plaintiffs' Complaint and, on that basis, deny the same.

221.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 210 of Plaintiffs' Complaint and, on that basis, deny the same.

222.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 211 of Plaintiffs' Complaint and, on that basis, deny the same.

223.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 212 of Plaintiffs' Complaint and, on that basis, deny the same.

224.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 213 of Plaintiffs' Complaint and, on that basis, deny the same.

225.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 214 of Plaintiffs' Complaint and, on that basis, deny the same.

226.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 215 of Plaintiffs' Complaint and, on that basis, deny the same.

227.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 216 of Plaintiffs' Complaint and, on that basis, deny the same.

228.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 217 of Plaintiffs' Complaint and, on that basis, deny the same.

229.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 218 of Plaintiffs' Complaint and, on that basis, deny the same.

230.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 219 of Plaintiffs' Complaint and, on that basis, deny the same.

**COUNT I:  Alleged Class Claim for Declaratory and Injunctive Relief**
**ALLEGED VIOLATION OF THE FIRST & FOURTEENTH AMENDMENTS TO THE**
**UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

231.    With respect to the realleged paragraphs contained within Paragraph 220 of Plaintiffs' Complaint, Defendants reincorporate each response set forth to the realleged paragraphs as if the same were herein set forth verbatim.

232.    Defendants deny the allegations contained within Paragraph 221 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

233.    The allegations contained within Paragraph 222 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by

Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief and/or damages.

234.   The allegations contained within Paragraph 223 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required.  To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required.  To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief and/or damages.

235.   Defendants deny the allegations contained within Paragraph 224 of Plaintiffs' Complaint, including subparagraphs (a) through (c) and, therefore, demand strict proof thereof.

**COUNT II:  Alleged Class Claim for Declaratory and Injunctive Relief
For Enactment and Enforcement of Ordinance Invalid Under State Law**

236.   With respect to the realleged paragraphs contained within Paragraph 225 of Plaintiffs' Complaint, Defendants reincorporate each response set forth to the realleged paragraphs as if the same were herein set forth verbatim.

237.   Defendants deny the allegations contained within Paragraph 226 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

238.   The allegations contained within Paragraph 227 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is

required. To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required. To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief and/or damages.

239.     The allegations contained within Paragraph 228 of Plaintiffs' Complaint contain no assertions of fact against Defendants and, therefore, no response by Defendants is required. To the extent that a further response by Defendants is deemed to be required, Defendants would state the allegations contained therein are statements of law to which no response by Defendants is required. To the extent a further response is deemed to be required, Defendants specifically deny any violation of Plaintiffs' rights under First and Fourteenth Amendments to the United States Constitution and, therefore, deny Plaintiffs are entitled to any relief from Defendants in the form of declaratory and/or injunctive relief and/or damages.

240.     Defendants deny the allegations contained within Paragraph 229 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

### COUNT III: Alleged Individual Claims for Damages Relief
### ALLEGED VIOLATIONS OF THE FIRST & FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION
### (42 U.S.C. § 1983)

241.     With respect to the realleged paragraphs contained within Paragraph 230 of Plaintiffs' Complaint, Defendants reincorporate each response set forth to the realleged paragraphs as if the same were herein set forth verbatim.

242.     Defendants deny the allegations contained within Paragraph 231 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

243.    Defendants deny the allegations contained within Paragraph 232 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

244.    Defendants deny the allegations contained within Paragraph 233 of Plaintiffs' Complaint and, therefore, demand strict proof thereof.

245.    Defendants deny that Plaintiffs are entitled to recover any relief as sought within Plaintiffs' Complaint and, further, specifically deny that Plaintiffs are entitled to recover any relief from Defendants as sought in Counts I, II, and III (including all subparagraphs thereto) of Plaintiffs' Complaint.

246.    Defendants affirmatively deny all allegations contained in Plaintiffs' Complaint not herein expressly admitted to be true.

**WHEREFORE**, Defendants demand that the Complaint filed against them be dismissed; that the Court award them all costs, including attorney's fees, expended in the defense of the instant civil action; and, for any further relief as may be authorized by law and deemed appropriate by this Court.

Dated this 13th day of January 2025.

Defendants, By Counsel:

/s/ Tiffany R. Durst

Tiffany R. Durst, WV State Bar No. 7441

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
2414 Cranberry Square
Morgantown, West Virginia  26508
Telephone:  (304) 225-2200
Facsimile:  (304) 225-2214
Email:  tdurst@pffwv.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRIS PETERSON and BECKY
RODD, on their behalf and on behalf of
all others similarly situated,**

        **Plaintiffs,**

**v.**                                         **Civil Action No. 1:24-cv-110
HONORABLE THOMAS KLEEH**

**TOM BLOOM, JEFFREY ARNETT
and SEAN SIKORA, MONONGALIA
COUNTY COMMISSIONERS, in their
official capacities, and PERRY
PALMER, MONONGALIA COUNTY
SHERIFF, in his official capacity**

        **Defendants.**

### CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, does hereby certify on this 13th day of January, 2025, that a true copy of the foregoing "***Answer Of Defendants, Tom Bloom, Jeffrey Arnett, Sean Sikora, And Perry Palmer, To Plaintiffs' Verified Class Complaint For Declaratory & Injunctive Relief And For Damages***" was served upon opposing by uploading the same to the Court's electronic filing system, which will notify counsel as follows:

Gary M. Smith
Lesley Marie Nash
Mountain State Justice, Inc.
1029 University Ave., Suite 101
Morgantown, WV 26505
*Counsel for Plaintiffs*

*/s/ Tiffany R. Durst*
_____
Tiffany R. Durst, WV State Bar No. 7441

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***