**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHRIS PETERSON and BECKY**
**RODD, on their behalf and on behalf of**
**all others similarly situated,**

     **Plaintiffs,**

**v.**
                                  **Civil Action No. 1:24-cv-110**
                                  **HONORABLE THOMAS KLEEH**

**TOM BLOOM, JEFFREY ARNETT,**
**and SEAN SIKORA,**
**MONONGALIA COUNTY COMMISSIONERS,**
**in their official capacities, and**
**TODD FORBES,**
**MONONGALIA COUNTY SHERIFF,**
**in his official capacity,**

     **Defendants.**

**MEMORANDUM IN SUPPORT OF MOTION TO APPOINT LYDIA MILNES, GARY**
**M. SMITH, AND MOUNTAIN STATE JUSTICE AS CLASS COUNSEL**

Counsel for the named plaintiffs request appointment as counsel for the class, pursuant to

Federal Rule of Civil Procedure 23(g). That Rule provides in pertinent part:

(g) Class Counsel.

(1) Appointing Class Counsel. Unless a statute provides otherwise, a court that
certifies a class must appoint class counsel. In appointing class counsel, the court:

    (A) must consider:

        (i) the work counsel has done in identifying or investigating
        potential claims in the action;
        (ii) counsel's experience in handling class actions, other complex
        litigation, and the types of claims asserted in the action;
        (iii) counsel's knowledge of the applicable law; and
        (iv) the resources that counsel will commit to representing the class;

    (B) may consider any other matter pertinent to counsel's ability to fairly and
    adequately represent the interests of the class . . .

(2) Standard for Appointing Class Counsel. When one applicant seeks appointment

as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4) . . .

(4) Duty of Class Counsel. Class counsel must fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g).  Class counsel are fiduciaries for the absent members of the class. *Rodriguez v. W. Pub. Co.*, 563 F.3d 948, 968 (9th Cir. 2009); *see also Sondel v. NW Airlines, Inc.*, 56 F.3d 934, 938 (8th Cir. 1995). The duty of adequate representation requires counsel to represent the class competently, vigorously, and without conflicts of interest with the class. *See Bell v. Brockett,* 922 F.3d 502, 511 (4th Cir. 2019); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The interests of the absent class members in the vigorous and skilled prosecution of their claims must be protected by counsel adequate to that task. *See Woodard v. Online Info. Servs.*, 191 F.R.D. 502, 506 (E.D.N.C. 2000) (citing *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 183 (4th Cir. 1993)). The named plaintiffs' attorneys must be "qualified, experienced and generally able to conduct the litigation."  *In re Serzone,* 231 F.R.D. at 238.

In selecting who shall serve as class counsel, Rule 23(g) requires courts to consider four enumerated factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *Bell, supra.*

The named plaintiffs are represented by attorneys from Mountain State Justice, Inc., a non-profit, public interest legal services firm with an institutional mission to advocate for the rights and interests of West Virginians, regardless of their ability to pay.  The organization has a

long history and substantial expertise in class litigation on behalf of West Virginians. Mountain State Justice has extensive experience in federal court litigation against government to enforce the requirements of law and the Constitution. Its attorneys are skilled in the vigorous prosecution and management of class action litigation and have been appointed as class counsel regularly. As an example, *see* orders in Exhibit 1.  Moreover, as an institutional representative, it has the personnel and financial resources to pursue this litigation to a favorable outcome on behalf of absent class members.

The exhaustive research and documentation shown by the allegations of the verified complaint, and the precise pleading and explanation of the factors necessary for a First Amendment claim under 42 U.S.C. §1983, reveal the expert and thorough work plaintiffs' attorneys have already performed for the class members. Plaintiffs' counsel vigorously pursued discovery, filing and then favorably resolving two motions to compel. The well-supported statement of facts detailed in the memorandum in support of class certification reveals how plaintiffs' counsel's civil rights expertise informed discovery efforts for the class. For these reasons, undersigned counsel requests this Court appoint Lydia Milnes and Gary M. Smith and Mountain State Justice, Inc. as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

<div style="margin-left:40%">

Respectfully submitted,
**CHRIS PETERSON and BECKY RODD, on their behalf and on behalf of and all other similarly situated,**
**By Counsel,**

</div>

/s/ _Gary M. Smith_____
Gary M. Smith   (WV Bar # 12602)
(gary@msjlaw.org)
Lydia C. Milnes (WV Bar # 10598)
(lydia@msjlaw.org)
MOUNTAIN STATE JUSTICE, INC.
1029 University Dr., Suite 101

<div style="text-align:center">3</div>

Morgantown, WV  26505
T:  (304) 326-0188
*Counsel for Plaintiffs*